UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMAL DAMON HENDRIX , <br><br>   Petitioner, <br> v. <br><br> RENEE BAKER, *et al.*, <br><br>   Respondents. | Case No. 3:14-cv-00576-MMD-VPC <br><br> ORDER |

This case is a petition for a writ of habeas corpus by Jamal Damon Hendrix, a Nevada prisoner. Hendrix claims that his federal constitutional rights were violated in a prison disciplinary proceeding, in which he was charged with, and ultimately found guilty of, disobedience and assault. (Petition for Writ of Habeas Corpus (dkt. no. 4 at 1-2).) As a result of the disciplinary proceeding, Hendrix was placed in disciplinary segregation at Ely State Prison for 18 months (which apparently expired in April 2015 (dkt. no. 13)), and he lost canteen privileges for 30 days (which apparently expired in 2013). Hendrix's habeas petition includes three claims for relief, each claiming a violation of his federal constitutional right to due process of law. (*Id.* at 3-8.)

Respondents filed a motion to dismiss, along with exhibits in support of the motion, on February 27, 2015. (Dkt. no. 10.) Hendrix filed an opposition to the motion to dismiss on June 1, 2015. (Dkt. no. 15.) Respondents filed a reply in support of their motion on June 3, 2015. (Dkt. no. 16.)

1    Respondents argue that Hendrix's claims for habeas corpus relief are not cognizable in this federal habeas corpus action because the disciplinary proceedings challenged by Hendrix, and the determination of his guilt in those proceedings, did not result in a loss of good time credits and therefore will have no effect on his prison sentence. Respondents also argue that Hendrix's habeas claims are barred by the procedural default doctrine.

A federal district court has jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3). Thus, a federal petition for writ of habeas corpus is cognizable where "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to an immediate or speedier release from that imprisonment." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). As the Ninth Circuit Court of Appeals recently clarified: "a claim challenging prison disciplinary proceedings is cognizable in habeas only if it will '*necessarily* spell speedier release' from custody, meaning that the relief sought will either terminate custody, accelerate the future date of release from custody, or reduce the level of custody." *Nettles v. Grounds*, Nos. 12-16935, 13-15050, ___ F.3d ___, 2015 WL 3406160, at *1 (9th Cir. May 28, 2015) (quoting *Skinner v. Switzer*, 562 U.S. 521 n.13 (2011) (emphasis added by *Nettles*) (internal quotation marks omitted by *Nettles*) (citing *Wilkinson v. Dotson*, 44 U.S. 74, 86 (2005) (Scalia, J., concurring)). "[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir.2003).

In this case, the sanctions received by Hendrix as a result of the challenged disciplinary proceedings did not add to his prison sentence; consequently, success by Hendrix on his claims in this action would not "necessarily shorten" his sentence.

Hendrix alleges in his habeas petition that he lost six months of good time credit as a result of the guilty findings in the disciplinary proceeding. (Dkt. no. 4 at 7.) This allegation, however, is belied by the record. *See* Summary of Disciplinary Hearing, Exhibit 3 (attached thereto as Exh. 3 at 3) (reflecting that there was no referral for loss of statutory credits); Affidavit of Shelly Williams, Exhibit 3 (attached thereto as Exh. 5) (Nevada Department of Corrections Program Officer states that Hendrix lost no statutory credits as a result of disciplinary proceeding); Credit History, Exhibit 3 (attached thereto as Exh. 6) (credit history reflects that there was no loss of statutory credits).

Hendrix makes a vague and unsupported allegation that "this decision also [affected] petitioner's parole eligibility." (Dkt. no. 4 at 3, 4-6.) Hendrix, however, has not alleged a colorable basis for concluding that the expungement of his disciplinary violations from the record would "necessarily spell speedier release" on parole. *See Nettles*, p. *8 (holding the effect of expungement of rules violation to be too attenuated to meet the *Skinner* standard).

The Court, therefore, determines that Hendrix's claims are not cognizable in this federal habeas corpus action. Respondents' motion to dismiss will be granted on that basis. The Court need not address respondents' assertion that Hendrix's claims are barred by the procedural default doctrine.

The Court will deny Hendrix's motion for appointment of counsel. (Dkt. no. 17.) As Hendrix's claims are not cognizable in this federal habeas corpus action, appointment of counsel is unwarranted.

The standard for issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The Supreme Court interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

1  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir.2000). Applying this standard, the court will deny Hendrix a certificate of appealability.

It is therefore ordered that petitioner's motion for appointment of counsel (dkt. no. 17) is denied.

It is further ordered that respondents' Motion to Dismiss (dkt. no. 10) is granted. This action is dismissed.

It is further ordered that petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of the Court shall enter judgment accordingly.

DATED THIS 19th day of June 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE